# United States Court of Appeals for the Fifth Circuit

_____

No. 22-50660
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**
January 17, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Dylan Brando Ervey Macias-Torres,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:21-CR-1824-1

_____

Before Higginbotham, Graves, and Ho, *Circuit Judges.*

Per Curiam:[*]

Dylan Brando Ervey Macias-Torres appeals his conviction and sentence for illegal reentry into the United States under 8 U.S.C. § 1326(a) and (b)(2). On appeal, he argues for the first time that the recidivism enhancement in § 1326(b) is unconstitutional because it permits a sentence above the otherwise-applicable statutory maximum established by § 1326(a) based on facts that are neither alleged in the indictment nor found by a jury

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-50660

beyond a reasonable doubt.  Macias-Torres acknowledges that this argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), but he seeks to preserve it for possible Supreme Court review.  Accordingly, he has filed an unopposed motion for summary disposition.

As Macias-Torres concedes, the sole issue raised on appeal is foreclosed by *Almendarez-Torres*.  *See United States v. Pervis*, 937 F.3d 546, 553-54 (5th Cir. 2019).  Summary disposition is therefore appropriate.  *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

Accordingly, Macias-Torres's motion for summary disposition is GRANTED, and the judgment of the district court is AFFIRMED.